Kathy Haase, Hannah Haase and Jacob Haase, Plaintiffs,
v.
Troy Connell and Travis Connell, d/b/a Xtreme Roofing & Flooring, and Middleton Insurance Company, Defendants-Respondents,
IMT Insurance Company, Subrogated-Party-Appellant.
No. 2004AP497.
Court of Appeals of Wisconsin.
Opinion Filed: April 14, 2005.
Before Deininger, P.J., Vergeront and Higginbotham, JJ.
¶1 PER CURIAM.
IMT Insurance Company appeals the circuit court's order compelling it to turn over to the defendants its entire claim file relevant to the adjustment, settlement and compromise of Kathy Haase's claim.[1] IMT argues that the circuit court erroneously exercised its discretion when it ordered disclosure of the entire file because the file contained allegedly privileged documents. We affirm.
¶2 The circuit court has both statutory and inherent authority to sanction a party for failure to comply with court orders, procedural statutes or rules, and requests for discovery. WIS. STAT. §§ 802.10(7), 804.12(2)(a) and (4) (2003-04);[2]Johnson v. Allis Chalmers Corp., 162 Wis. 2d 261, 273-74, 470 N.W.2d 859 (1991). The court may make "such orders ... as are just" when a party fails to serve answers to interrogatories or respond to requests for inspection of documents. § 804.12(4). Sanctions may include prohibiting the disobedient party from introducing certain matters into evidence and ordering default judgment against the disobedient party. See § 804.12 (2) and (4). The decision to impose sanctions under §§ 802.10 and 804.12 is committed to the circuit court's discretion. Sentry Ins. v. Davis, 2001 WI App 203, ¶19, 247 Wis. 2d 501, 634 N.W.2d 553. "A discretionary decision will be sustained if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." Id.
¶3 IMT contends that it should not have to turn over the entire file because it will be forced to disclose documents protected by attorney-client privilege, causing it irreparable injury. IMT's argument is unavailing. IMT did not answer the first set of interrogatories for over ten months, despite repeated requests that it do so and its assurances that it would comply. The defendants were forced to file two different motions to compel before they received the answers to the interrogatories. When IMT finally did respond, its answers were incomplete and it made broad claims of work product and attorney-client privilege. Given IMT's history of noncompliance and the wide range of possible sanctions available to the circuit court, including dismissal, the circuit court properly exercised its discretion in ordering IMT to turn over the entire file because IMT's delays left too little time for the circuit court to review the file in camera. We reject IMT's claim that the circuit court misused its discretion.
By the Court.  Order affirmed.
NOTES
[1] We previously granted a petition for leave to appeal the circuit court's non-final order.
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.